MAHONING COUNTY BAR ASSOCIATION *v.* REID.

[Cite as *Mahoning Cty. Bar Assn. v. Reid,*
102 Ohio St.3d 402, 2004-Ohio-3121.]

(No. 2004–0512—Submitted May 11, 2004—Decided July 7, 2004.)

**Per Curiam.**

{¶ 1} On July 12, 2000, a client retained the law firm of Harshman, Gervellis and Bernard, n.k.a. Harshman, Bernard and Ramage, to represent him for injuries he sustained when a car turned in front of him and another person while they were riding motorcycles. The firm assigned the case to respondent, Wayne P. Reid of Youngstown, Ohio, Attorney Registration No. 0066124.

{¶ 2} On August 1, 2000, the other motorcyclist also retained the Harshman law firm for injuries sustained in the accident. The firm assigned the second client's case to respondent as a "companion" to the first client's case.

{¶ 3} On August 16, 2000, the second client advised respondent that in addition to being struck by the car, he believed that the first client's motorcycle had also hit him during the accident. Respondent also determined that the driver of the car had a $100,000 single-limit automobile insurance policy, which could require an evaluation of the policy limit for both clients' claims.

{¶ 4} In December 2000, respondent spoke to another attorney in the Harshman firm, who agreed that the representation of both clients created a conflict. Respondent did not discuss the conflict with either client, however, and continued to represent both.

{¶ 5} On April 25, 2001, respondent obtained a settlement on behalf of the second client with the driver's insurance company. The settlement amount was $94,633, which constituted the $100,000 policy limit less the amount paid for damage to the second client's motorcycle.

{¶ 6} In July 2001, respondent left the Harshman law firm. In August 2001, the law firm referred the clients to attorneys outside the firm. The attorney to whom the second client was referred to did not accept his case concerning a possible claim against the first client. The first client, through his new attorney,

filed a lawsuit in Pennsylvania, and he ultimately received an arbitration decision of over $3,000.

{¶ 7} On February 10, 2003, relator, Mahoning County Bar Association, filed a complaint charging respondent with violating certain Disciplinary Rules. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter upon the stipulated facts, testimony, and exhibits offered by the parties.

{¶ 8} The panel found the facts as previously set forth and concluded that, consistent with the parties' stipulations, respondent's conduct violated DR 5–105(B) (prohibiting continued employment by multiple clients where lawyer's independent professional judgment on a client's behalf is likely to be adversely affected by lawyer's representation of another client).

{¶ 9} In mitigation, the panel found that respondent had no prior disciplinary record, lacked a dishonest motive, and fully cooperated in the disciplinary proceedings. In addition, relator's investigation revealed no monetary prejudice to the clients from respondent's misconduct. Several individuals, including judges and attorneys, submitted letters to the panel commending respondent's moral character and legal competence. Respondent testified that he was involved in a lengthy divorce and custody battle at the time the conflict arose and that his misconduct would not likely happen again.

{¶ 10} The parties agreed that a public reprimand would be an appropriate sanction. The panel concurred and recommended that respondent be publicly reprimanded. The board adopted the panel's findings of fact, conclusions of law, and recommendation, and further recommended that the costs of the proceedings be taxed to respondent.

{¶ 11} We agree with the board's recommended sanction. To determine the appropriate sanction, we analyze "the duties violated, the actual injury caused, the attorney's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 12} Respondent violated his duty to his clients, DR 5–105(B), but the record lacks clear and convincing evidence that his misconduct harmed them. And mitigating factors exist: lack of a prior disciplinary record, absence of a dishonest motive, full disclosure and cooperation in the disciplinary proceedings, and good character and reputation. See Sections 10(B)(2)(a), (b), (d), and (e) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline.

{¶ 13} In comparable cases, we have publicly reprimanded attorneys who violated DR 5–105(B) where there existed some of the same mitigating factors

present here. See, e.g., *Toledo Bar Assn. v. Tolliver* (1992), 62 Ohio St.3d 462, 463, 584 N.E.2d 670 (mitigating factors included no prior record of disciplinary action and no harm resulting from respondent's actions); *Stark Cty. Bar Assn. v. Phillips* (1989), 45 Ohio St.3d 286, 287–288, 544 N.E.2d 237 (no prior disciplinary record and good reputation in legal community).

{¶ 14} Based on the foregoing, a public reprimand is the proper sanction. Accordingly, respondent is hereby publicly reprimanded for having violated DR 5–105(B). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

David C. Comstock Jr. and Ronald E. Slipski, for relator.

Arnold & Caruso, Ltd., and James D. Caruso, for respondent.