DISCIPLINARY COUNSEL *v.* JACOBS.

[Cite as *Disciplinary Counsel v. Jacobs,*
109 Ohio St.3d 252, 2006-Ohio-2292.]

(No. 2005–2395—Submitted January 25, 2006—Decided May 24, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Frank David Jacobs of Toledo, Ohio, Attorney Registration No. 0011310, was admitted to the Ohio bar in 1959.

{¶ 2} On August 11, 2005, relator, Disciplinary Counsel, filed an amended complaint charging respondent with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the case on the parties' consent-to-discipline agreement, see Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") and made findings of misconduct and a recommendation, which the board adopted.

## Misconduct

{¶ 3} Respondent began representing Dr. Wassef E. Michael Mikhail and his wife Salma Mikhail in 1985. The Mikhails separated in March 2001, and they divorced in June 2003. After the Mikhails' separation, respondent advised Dr. Mikhail on matters involving revisions to a revocable trust. The revisions removed Mrs. Mikhail as successor trustee and ensured that she would not have access to the principal of the trust on Dr. Mikhail's death. Respondent also advised Dr. Mikhail to transfer some of his assets to keep them from Mrs. Mikhail.

{¶ 4} Despite his representation of Dr. Mikhail while the divorce was pending, respondent also advised Mrs. Mikhail on the drafting of a will. As Mrs. Mikhail directed, the new will that respondent prepared for her eliminated Dr. Mikhail as executor and beneficiary of her estate. Respondent did not provide full disclosure to Mrs. Mikhail of his representation of her husband and did not attempt to obtain her consent for the dual representation.

{¶ 5} Respondent acknowledged and the board found that respondent had thereby violated DR 5–105(B) (prohibiting a lawyer from accepting or continuing to represent clients if the lawyer's professional judgment on any client's behalf is likely to be compromised by the representation).

## Sanction

{¶ 6} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. The board stated that there were no aggravating factors, but did identify several mitigating factors, including the absence of any prior disciplinary record, the absence of any dishonest or selfish motive on the part of respondent, his full disclosure and cooperative attitude during the disciplinary process, and the absence of any financial harm to Mrs. Mikhail. The board further noted that respondent had submitted written statements from 16 judges, clients, and other attorneys about his good character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

{¶ 7} The parties recommended that respondent be publicly reprimanded. The panel and the board agreed with this recommendation.

{¶ 8} We agree that respondent has committed the misconduct described above, and we agree that a public reprimand is the appropriate sanction. "[A] lawyer's duty to provide undivided loyalty to a client is paramount." *Columbus Bar Assn. v. Ross,* 107 Ohio St.3d 354, 2006-Ohio-5, 839 N.E.2d 918, ¶ 29. Lawyers must avoid all actual and potential conflicts of interest so as not to dilute their independent loyalty to each client. Respondent's misstep in this regard is allayed, however, by his many years of unblemished legal practice, as well as the other mitigating factors cited by the board. All of the letters presented to the board on his behalf speak to respondent's integrity, competence, and professionalism, and we trust that a public reprimand is sufficient to ensure that this misconduct will not recur.

{¶ 9} Accordingly, respondent is publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur.

MOYER, C.J., O'CONNOR and O'DONNELL, JJ., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 10} I would suspend respondent for six months and stay the suspension on the condition that he commit no further misconduct during that term.

O'CONNOR and O'DONNELL, JJ., concur in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Brian E. Shinn, Assistant Disciplinary Counsel, for relator.

James D. Caruso, for respondent.