OHIO STATE BAR ASSOCIATION *v.* WICK.

[Cite as *Ohio State Bar Assn. v. Wick,*
116 Ohio St.3d 193, 2007-Ohio-6042.]

(No. 2007–1558—Submitted September 12, 2007—Decided November 15, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Donald Keith Wick of Mount Gilead, Ohio, Attorney Registration No. 0011010, was admitted to the Ohio bar in 1983. For the reasons that follow, we hereby publicly reprimand him for professional misconduct.

{¶ 2} On April 16, 2007, relator, Ohio State Bar Association, filed a complaint charging respondent with professional misconduct. After respondent filed an answer, a panel of the Board of Commissioners on Grievances and Discipline considered the case on the parties' consent-to-discipline agreement pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel and the board accepted the agreement and concurred in the sanction recommended by the parties.

### Misconduct

{¶ 3} Respondent served as the village solicitor of the village of Mount Gilead from August 2003 until December 2006, and during that time, he prosecuted violations of village ordinances in the Mount Gilead mayor's court. While serving as village solicitor, respondent was permitted by the village to represent criminal defendants in courts other than the mayor's court.

{¶ 4} In May 2006, respondent agreed to represent Michael Belt, who had been charged with two misdemeanor offenses in the Morrow County Municipal Court. Unbeknownst to respondent, Belt had also been charged with a related violation of a village ordinance in the Mount Gilead mayor's court.

{¶ 5} When respondent learned about the mayor's court charge, he filed a motion in that court, asking that Belt's case be transferred to the municipal court. That motion was granted, and respondent then negotiated with the municipal court prosecutor to resolve the three charges against Belt. After this transfer to the municipal court, respondent did not negotiate with or confer with the Mount

Gilead police officers who had filed the misdemeanor charge against Belt in the mayor's court where respondent served as the prosecutor.

{¶ 6} Respondent acknowledged and the panel and the board found that respondent's actions violated DR 5–105(B) (prohibiting a lawyer from accepting or continuing to represent multiple clients if the lawyer's professional judgment on any client's behalf is likely to be compromised by the representation).

## Sanction

{¶ 7} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. The board cited no aggravating factors but did identify several mitigating factors, including the absence of any prior disciplinary record, the absence of any dishonest or selfish motive on the part of respondent, his full disclosure and cooperative attitude during the disciplinary process, and his excellent character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

{¶ 8} The parties recommended that respondent be publicly reprimanded. The panel and the board agreed with this recommendation.

{¶ 9} We agree that respondent has committed the misconduct described above, and we agree that a public reprimand is the appropriate sanction. "[A] lawyer's duty to provide undivided loyalty to a client is paramount." *Columbus Bar Assn. v. Ross,* 107 Ohio St.3d 354, 2006-Ohio-5, 839 N.E.2d 918, ¶ 29. "Lawyers must avoid all actual and potential conflicts of interest so as not to dilute their independent loyalty to each client." *Disciplinary Counsel v. Jacobs,* 109 Ohio St.3d 252, 2006-Ohio-2292, 846 N.E.2d 1260, ¶ 8 (imposing a public reprimand for an attorney's violation of DR 5–105(B)). Respondent should not have represented a client on a criminal charge in a mayor's court, where respondent served as a prosecutor. In light of the mitigating evidence identified by the board, however, we trust that a public reprimand is sufficient to ensure that this misconduct will not recur.

{¶ 10} In comparable cases, we have publicly reprimanded attorneys who violated DR 5–105(B) when there existed some of the same mitigating factors present here. See, e.g., *Mahoning Cty. Bar Assn. v. Reid,* 102 Ohio St.3d 402, 2004-Ohio-3121, 811 N.E.2d 542, ¶ 12 (no prior disciplinary record, no dishonest motive, full cooperation in the disciplinary proceedings, and good character and reputation); *Toledo Bar Assn. v. Tolliver* (1992), 62 Ohio St.3d 462, 463, 584 N.E.2d 670 (no prior record of disciplinary action and no harm to clients); *Stark Cty. Bar Assn. v. Phillips* (1989), 45 Ohio St.3d 286, 287–288, 544 N.E.2d 237 (cooperation in the disciplinary process, no prior disciplinary record, and good reputation in the legal community).

{¶ 11} Accordingly, respondent is publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Brian D. Weaver; Young, Taylor & Yarger and Kevin H. Taylor; and Eugene P. Whetzel, for relator.

Mark H. Aultman, for respondent.