**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Leiken,* **Slip Opinion No. 2014-Ohio-5220.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5220

CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. LEIKEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Leiken,* **Slip Opinion No. 2014-Ohio-5220.]**

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct, including continuing to represent a client when representation was directly adverse to another client and failing to withdraw from representation when the representation results of a violation of the Rules of Professional Conduct—Public reprimand.*

(No. 2014-0536—Submitted April 30, 2014—Decided December 2, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2014-015.

_____

**Per Curiam**.

{¶ 1} Respondent, Robert Stanley Leiken of Beachwood, Ohio, Attorney Registration No. 0030666, was admitted to the practice of law in Ohio in 1971. On January 27, 2014, relator, Cleveland Metropolitan Bar Association, charged

Leiken with professional misconduct after Leiken was retained by a driver and his passenger to recover damages for them for injuries they had suffered in an automobile accident. It was subsequently alleged that the driver was comparatively negligent in the accident. Leiken later withdrew from representation of the driver and brought suit against him on behalf of the passenger.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Leiken stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.7 (prohibiting a lawyer from accepting or continuing a client's representation if that representation will be directly adverse to another client), 1.9 (prohibiting a lawyer who has formerly represented a client in a matter from representing another person in the same matter in which that person's interests are materially adverse to the interests of the former client), and 1.16(a)(1) (requiring a lawyer to withdraw from the representation of a client if the representation will result in a violation of the Ohio Rules of Professional Conduct).

{¶ 4} The parties stipulate that mitigating factors include the absence of a prior disciplinary record, Leiken's cooperative attitude in the disciplinary proceeding, and his well-respected character and reputation within the legal profession and community. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), and (e). In addition, the parties note that certain actions that Leiken took prior to the initiation of any disciplinary proceeding are also mitigating factors. First, Leiken made a timely good-faith effort to rectify the consequences of his misconduct by withdrawing as counsel for the passenger, disgorging himself of the fee he received, and sending letters of apology, in which he accepted responsibility for his actions, to the driver and passenger. Second, Leiken also engaged an expert to

2

advise him regarding the issues related to conflicts of interest and the duties governing conflicts of interest under the Ohio Rules of Professional Conduct. BCGD Proc.Reg. 10(B)(2)(c) and (h). The parties agree that there are no aggravating factors. Based upon these factors, the parties stipulate that a public reprimand is the appropriate sanction for Leiken's misconduct.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of this recommendation, the panel and board refer to *Toledo Bar Assn. v. Gabriel*, 57 Ohio St.3d 18, 565 N.E.2d 570 (1991) (a public reprimand was the appropriate sanction for an attorney who represented both an automobile driver and passenger without full disclosure and consent), and *Toledo Bar Assn. v. Tolliver*, 62 Ohio St.3d 462, 584 N.E.2d 670 (1992) (a public reprimand was the appropriate sanction for an attorney who represented two clients whose interests were adverse to each other). We agree that Leiken violated Prof.Cond.R. 1.7, 1.9, and 1.16(a)(1) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 6} Accordingly, Leiken is publicly reprimanded. Costs are taxed to Leiken.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Robert S. Faxon, Dean C. Williams, K. Ann Zimmerman, Bar Counsel, and Heather M. Zirke, Assistant Bar Counsel, for relator.

Koblentz & Penvose, L.L.C., Richard S. Koblentz, and Bryan Penvose; and Dinn, Hochman & Potter, L.L.C., and Michael C. Hennenberg, for respondent.

_____