**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Broyles,* **Slip Opinion No. 2015-Ohio-4442.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4442

DISCIPLINARY COUNSEL *v*. BROYLES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Broyles,* Slip Opinion No. 2015-Ohio-4442.]**

*Attorneys—Misconduct—Representing new client in same matter as former client when new client's interests are adverse to former client's—Public reprimand.*

(No. 2015-0598—Submitted May 6, 2015—Decided October 29, 2015.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2014-106.

_____

**Per Curiam**.

{¶ 1} Respondent, Bruce Martin Broyles of Boardman, Ohio, Attorney Registration No. 0042562, was admitted to the practice of law in Ohio in 1989. On December 15, 2014, relator, disciplinary counsel, charged Broyles with professional misconduct. Broyles had represented The Bank of New York Mellon

("NY Mellon") at a default hearing in a foreclosure case and obtained a judgment against Felix and Barbara Aponte. Approximately nine months later, Broyles was retained by the Apontes to defend them in the foreclosure action filed by NY Mellon. Broyles subsequently filed a motion for relief from judgment and other pleadings in the case, arguing that the default judgment he had previously obtained against the Apontes should be vacated. NY Mellon did not give informed consent to allow Broyles to represent the Apontes.

{¶ 2} A panel of the Board of Professional Conduct[1] considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In the consent-to-discipline agreement, Broyles stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.9 (prohibiting a lawyer who has formerly represented a client in a matter from representing another person in the same matter in which that person's interests are materially adverse to the interests of the former client).

{¶ 4} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, Broyles's cooperative attitude toward the disciplinary proceedings, his full and free disclosure of his actions, and his acknowledgement that his actions were improper. *See* Gov.Bar R. V(13)(C)(1) and (4). The parties agree that there are no aggravating factors. Based upon Broyles's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction for Broyles's misconduct is a public reprimand.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. In support of this recommendation, the parties referred to *Geauga Cty. Bar Assn. v. Psenicka*, 62 Ohio St.3d 35, 577 N.E.2d 1074 (1991) (a public reprimand was the appropriate sanction for an attorney who represented the

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

husband in a divorce action after withdrawing from representing the wife in the same proceeding). In addition, the panel considered *Cleveland Metro. Bar Assn. v. Leiken,* 143 Ohio St.3d 21, 2014-Ohio-5220, 34 N.E.3d 73 (a public reprimand was the appropriate sanction for an attorney who represented a passenger in a negligence action against a driver who the attorney previously represented regarding the same automobile accident).

{¶ 6} We agree that Broyles violated Prof.Cond.R. 1.9 and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 7} Accordingly, Bruce Martin Broyles is hereby publicly reprimanded. Costs are taxed to Broyles.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

Bruce Martin Broyles, pro se.

_____