**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Toledo Bar Assn. v. Rehkopf,* **Slip Opinion No. 2018-Ohio-3907.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3907

TOLEDO BAR ASSOCIATION *v.* REHKOPF.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Rehkopf,* Slip Opinion No. 2018-Ohio-3907.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including continuing to represent a client when a conflict of interest may be created, even with client consent, if the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding and communicating about the subject of the representation with a person the lawyer knows to be represented by another lawyer—Public reprimand.*

(No. 2018-0539—Submitted May 8, 2018—Decided September 27, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-053.

_____

**Per Curiam.**

{¶ 1} Respondent, Brandon Rehkopf, of Toledo, Ohio, Attorney Registration No. 0089374, was admitted to the practice of law in Ohio in 2012. In October 2017, relator, Toledo Bar Association, charged him with violating multiple professional-conduct rules for representing two clients with conflicting interests. The Board of Professional Conduct considered the case on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 2} In the agreement, Rehkopf admitted that in August 2014, he agreed to represent Althea Hemmert and her ex-husband, Anthony Collins, in a tax-foreclosure lawsuit. Rehkopf later discovered, however, that another attorney had already entered an appearance on Hemmert's behalf. Rehkopf therefore advised Hemmert that he could represent only Collins and not her. Nevertheless, over the next two years, Rehkopf met with Hemmert and Collins on several occasions, counseled them regarding the tax-foreclosure case, and regularly communicated with Hemmert by phone and e-mail.

{¶ 3} At one point, Hemmert and Collins met with Rehkopf, and Collins directed Rehkopf to prepare a deed transferring the foreclosed property from Collins to Hemmert. Both Collins and Hemmert signed an agreement waiving any conflict of interest resulting from Rehkopf's joint representation of them for purposes of the property transfer. Rehkopf thereafter prepared a deed and a transfer agreement. However, he made no attempt to determine whether Hemmert was still represented by other counsel or to obtain consent from that attorney before drafting the documents. Nor did he attempt to discern whether Hemmert wished to speak to another attorney before entering into the transaction.

{¶ 4} Later in the foreclosure proceeding, Collins directed Rehkopf to settle all claims against him. On behalf of Collins only, Rehkopf agreed to a consent entry, which eventually resulted in the court concluding that the deed transferring

the property to Hemmert was void. Rehkopf neither consulted with nor advised Hemmert about the consent entry.

**{¶ 5}** Based on this conduct, the parties stipulated that Rehkopf engaged in improper dual representation of Collins and Hemmert—or, at the very least, that he created the appearance of dual representation—and therefore violated Prof.Cond.R. 1.7(a) (providing that a lawyer's representation of a client creates a conflict of interest if the representation will be directly adverse to another current client or if there is a substantial risk that the lawyer's ability to represent the client will be materially limited by the lawyer's responsibilities to another client), 1.7(b) (prohibiting a lawyer from accepting or continuing the representation of a client if the representation would create a conflict of interest, unless the lawyer would be able to provide competent, diligent representation to each affected client, each affected client gives informed consent in writing, and the representation is not prohibited by law or would not involve the assertion of a claim by one client against another in the same proceeding), and 1.7(c)(2) (prohibiting a lawyer from continuing a representation if a conflict of interest is created, even with client consent, if the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding). The parties also stipulated that by giving Hemmert advice in the foreclosure proceeding, Rehkopf violated Prof.Cond.R. 4.2 (prohibiting a lawyer from communicating about the subject of the representation with a person the lawyer knows to be represented by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order).

**{¶ 6}** The parties agreed that no aggravating factors are present and that in mitigation, Rehkopf has no prior disciplinary record, he lacked a dishonest or selfish motive, he made timely restitution by refunding Hemmert's $500 retainer, he cooperated in the disciplinary proceedings, and he submitted evidence of his

good character and reputation. *See* Gov.Bar R. V(13)(C)(1) through (5). As a sanction, the parties jointly recommended a public reprimand.

**{¶ 7}** The board found that the consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16) and recommends that we adopt the agreement in its entirety. To support the recommended sanction, the board cited a number of cases imposing public reprimands for similar violations of Prof.Cond.R. 1.7 or 4.2—or the corresponding disciplinary rule under the former Code of Professional Responsibility—and with comparable mitigating factors. *See, e.g.*, *Mahoning Cty. Bar Assn. v. Reid*, 102 Ohio St.3d 402, 2004-Ohio-3121, 811 N.E.2d 542; *Cleveland Metro. Bar Assn. v. Leiken*, 143 Ohio St.3d 21, 2014-Ohio-5220, 34 N.E.3d 73; *Ohio State Bar Assn. v. Wick*, 116 Ohio St.3d 193, 2007-Ohio-6042, 877 N.E.2d 660; *Disciplinary Counsel v. Sartini & Tarighati*, 114 Ohio St.3d 205, 2007-Ohio-3601, 871 N.E.2d 543; and *Toledo Bar Assn. v. Mansour-Ismail*, 86 Ohio St.3d 27, 711 N.E.2d 223 (1999).

**{¶ 8}** Upon our review of the record, we agree that Rehkopf engaged in the stipulated misconduct. "Lawyers must avoid all actual and potential conflicts of interest so as not to dilute their independent loyalty to each client." *Disciplinary Counsel v. Jacobs*, 109 Ohio St.3d 252, 2006-Ohio-2292, 846 N.E.2d 1260, ¶ 8. We also agree that consistent with our precedent, the circumstances here warrant a public reprimand. We therefore adopt the parties' consent-to-discipline agreement.

**{¶ 9}** Brandon Rehkopf is hereby publicly reprimanded for violating Prof.Cond.R. 1.7(a), 1.7(b), 1.7(c), and 4.2. Costs are taxed to Rehkopf.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Joseph P. Dawson, Bar Counsel; Bugbee & Conkle, L.L.P., and Janell M. Matuszak; and Goranson, Parker & Bella Co., L.P.A., and Christopher F. Parker, for relator.

Gallagher Sharp, L.L.P., Monica Sansalone, and Kevin Marchaza, for respondent.

_____